IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| RICARDO'S INTERNATIONAL § | CASE NO. 11-10011-B |
| § | CHAPTER 11 |
| DEBTOR § | JUDGE RICHARD S. SCHMIDT |
| § | HEARING: NOV. 2, 2011 @ 9:00 A.M. |

## **OBJECTION TO DEBTOR'S SECOND PROPOSED PLAN OF REORGANIZATION**

The Texas Comptroller of Public Accounts ("Comptroller") and the Texas Workforce Commission ("TWC"), through the Texas Attorney General's Office, file their Objection To Debtor's Second Proposed Plan Of Reorganization ("Plan"), and would respectfully show the following:

1. On April 6, 2011, the Comptroller filed a secured and/or priority claim for sales and use tax in the amount of $5,938.36 under 11 U.S.C. § 507(a)(8). On October 13, 2011, the Comptroller filed an Administrative Expense claim in the amount of $4,010.24.

2. On May 10, 2011, the TWC filed a second amended secured proof of claim for employment taxes in the amount of $3,678.94 under 11 U.S.C. § 507 (a)(8)(D). On August 15, 2011, the TWC filed an amended Administrative Expense claim for employment taxes in the amount of $2,045.43.

3. Postpetition sales taxes and post-petition employment taxes must be brought current. A debtor in possession is required to stay current on postpetition taxes pursuant to 28 U.S.C. § 959 and 960. While the Debtor filed and made payment of the May 2011, July, 2011 and August 2011 sales taxes electronically, upon the Comptroller's attempt to deduct the funds from the Debtors' bank, the transactions were declined. The Debtor has also failed to make payment of employment taxes to the TWC for the first and second quarters of 2011. The Plan does not acknowledge that the

Debtors are delinquent on postpetition sales taxes and employment taxes. Postpetition taxes are an administrative expense of the estate pursuant to 11 U.S.C. § 503(b)(1)(B). As such, they must be paid cash equal to the allowed amount of such claim on the effective date. 11 U.S.C. § 1129(a)(9)(A). The Comptroller and the TWC object to confirmation until the postpetition taxes are brought current. To the extent that the Debtor is unable to show that it can pay its postpetition sales taxes and postpetition employment taxes in full on the Effective Date, the Plan is not feasible and should not be confirmed.

  4. The Comptroller and the TWC further object to confirmation of the Plan because the Plan proposes a longer payout than allowed. Under 11 U.S.C. § 1129 (a)(9)(C), payments must be made in regular installments over a period ending no later than 5 years after the date of the order of relief. Accordingly, payments to the Comptroller and to the TWC must be completed no later than January 10, 2016. The Plan proposes a 6-year payout and payments not beginning until "...the first full month of the year following the date of confirmation." Thus, under the Plan, if confirmed at the hearing set for November 2, 2011, payments would not begin until January 15, 2012, and the last payments would not be made until January 15, 2018, thereby effectively extending the length of payments to a full 24 months beyond the 5 years from date of the order for relief.

  5. Finally, the Comptroller and the TWC object to the Plan because the Plan contains inadequate remedies in the event of a plan default. Section 1123(a)(5)(G) of the Code states that a plan should provide adequate means for its implementation, including the curing of defaults. Without adequate default remedies, the Debtor's Plan deprives the Comptroller and the TWC from enforcing its rights as a creditor in nonbankruptcy forums. The Plan fails to specify remedies which will be available to priority tax creditors in the event the Debtor defaults on plan payments and, thus, creditors' remedies in the event of plan defaults are unclear. Default remedy language similar to

the following has been approved in many bankruptcy cases in this and other districts and should be added to the plan or confirmation order in this case:

> A failure by the reorganized Debtors to make payment to priority tax creditors pursuant to the terms of the Plan shall be an Event of Default. If the reorganized debtors fail to cure an Event of Default as to tax payments within ten (10) days after service of a written notice of default from a priority tax creditor, then a priority tax creditor may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies under applicable nonbankruptcy law, and (c) seek such relief as may be appropriate in this court.

WHEREFORE, the Comptroller and the TWC prays the Court:

1.   Deny confirmation of the Debtor's Plan Of Reorganization for the reasons stated above; and,

2.   Grant such other relief to which the Comptroller and the TWC may be entitled.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    BILL COBB
    Deputy Attorney General For Civil Litigation

    RONALD R. DEL VENTO
    Assistant Attorney General
    Chief, Bankruptcy & Collections Division

    /s/ Mark Browning
    Mark Browning
    Assistant Attorney General
    Texas State Bar No. 03223600
    Attorney General's Office
    Bankruptcy & Collections Division - 008
    P. O. Box 12548
    Austin, Texas  78711-2548
    (512) 475-4562
    (512) 482-8341 (fax)

                                      ATTORNEY FOR THE TEXAS
                                      COMPTROLLER OF PUBLIC
                                      ACCOUNTS AND THE TEXAS
                                      WORKFORCE COMMISSION

## **CERTIFICATE OF SERVICE**

I certify that on the 18th day of October, 2011, a true copy of the foregoing was served by the method and to the following parties as indicated:

**By Regular First Class Mail**:

Richardo's International Cuisine, LLC
3000 Pablo Kisel Blvd., Suite 200-E
Brownsville, TX 78521

Barbara C Jue
Office of U S Trustee
606 N Carancahua , Ste 1107
Corpus Christi, TX 78401
barbara.c.jue@usdoj.gov

S Mark Murray
Attorney at Law
112 E Pecan, Ste 2325
San Antonio, TX 78205

**By Electronic Means as listed on the Court's ECF Noticing System**:

Abelardo Limon alimon@limonlaw.com, rnavarro@limonlaw.com
Nancy Lynn Masso nancy.masso@usdoj.gov
Diane Wade Sanders austin.bankruptcy@publicans.com
US Trustee USTPRegion07.CC.ECF@USDOJ.GOV

                                      /s/ Sherri K. Simpson
                                      Sherri K. Simpson